IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MARUSHIN, | : | CIVIL ACTION NO. **3:CV-06-1229** |
| | : | |
| | : | Magistrate Judge Blewitt |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| INDEPENDENCE AUTO, INC., d/b/a | : | |
| INDEPENDENCE TOYOTA, | : | |
| | : | |
| Defendants and | : | |
| Third Party Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| MANHEIM AUTO and | : | |
| EXPERIAN AUTOMOTIVE and | : | |
| Y & O AUTO SALE, INC., | : | |
| | : | |
| Third Party Defendants | : | |

**MEMORANDUM AND ORDER**

**I. Background**

This action asserting federal and state statutory claims, as well as fraudulent misrepresentation, common law fraud and breach of contract claims, was commenced on June 21, 2006, by Plaintiff John Marushin, against Defendants Independence Auto, Inc. ("Independence") d/b/a Independence Toyota. (Doc. 1). The Plaintiff invoked the federal question jurisdiction of the court by alleging, in part, violation of the Odometer Requirements Act. 28 U.S.C. §1331; 49 U.S.C. § 32701, *et seq.* (Doc. 1, pp. 1-2). The parties consented to proceed before a Magistrate Judge 28 U.S.C. §636(c)(1), and the District Court entered an Order reassigning this case to a

Magistrate Judge. (Doc. 8).

Defendant Independence was served with the Complaint, and on August 3, 2006, it filed its Answer to the Complaint. (Doc. 3). On August 8, 2006, Defendant Independence filed a Third Party Complaint against Manheim Auto Auction, Experian Automotive and Y & O Auto Sale, Inc., Third Party Defendants ("TPD"). (Doc. 4).[1] TPD were served with the Third Party Complaint. On October 13, 2006, Experian filed a Motion to Dismiss, under Rule 12(b)(6), the Third Party Complaint against it. **(Doc. 16)**. The Motion to Dismiss of Experian has been briefed and is ripe for disposition. (Docs. 17, 19, 22).

**II. Allegations Giving Rise to the Original Complaint and Third Party Complaint**

On March 5, 2004, Independence bought a 2002 Toyota Camry from the Manheim Auto Auction. The vehicle was sold with a certification that it had 19,112 miles on it. Plaintiff bought the Camry from Independence and sued Independence when he was informed that the car had many more miles on it than indicated to him. Independence essentially alleges in its Third Party Complaint that Experian, with respect to Experian's vehicle history report, was negligent by failing to provide accurate information as to the actual mileage of the vehicle which it sold to Plaintiff. Experian prepared an Autocheck Vehicle History Report for the vehicle purchased by Plaintiff. This Report indicated that on February 26, 2004, the subject vehicle had 18,906 miles on it. (Doc. 4, Ex. C). Independence bought the Report from Experian, which indicated the 2002 Toyota had no

---

[1] The parties agree that Independence incorrectly named Experian Automotive as a Third Party Defendant, when the correct name of this Defendant is Experian Information Solutions, Inc. ("Experian"). We shall direct the Clerk of Court to correct the name of Third Party Defendant Experian Automotive to Experian Information Solutions, Inc.

prior damage and no prior odometer tampering.

Specifically, on June 14, 2004, Plaintiff purchased a 2002 Toyota Camry from Defendant Independence, which he alleges was represented to him as having only 19,244 miles on it, when in fact it had 80,802 miles on it.  After Plaintiff purchased the Camry, he received a letter from the United States Department of Transportation indicating that the odometer reading on the vehicle was incorrect, and that as of February 18, 2004, it had at least 80,802 miles on it.  (Doc. 1, Ex. C). Plaintiff filed an action against Defendant Independence, and Independence then filed its Third Party Complaint against Manheim, Experian and Y & O Auto.  Y & O is the company that owned the 2002 Toyota before Manheim sold it to Independence.  On November 29, 2006, Independence filed a Praecipe to discontinue its Third Party Complaint as against Third Party Defendant Manheim.  (Doc. 23).  Thus, Manheim is no longer a party to this action.

The Third Party Complaint of Independence contains one count as against both Experian and Y & O, namely, Count II negligence.  (Doc. 4, pp. 5-6).  The Third Party Complaint of Independence also contains exhibits, including the mentioned Experian vehicle report.

In particular, Independence alleges as follows:

> 28.     Additional defendants Manheim, Y&O and Experian owed a duty to its customers, including the plaintiff, to exercise reasonable and due care when making representations about the mileage on the plaintiff's vehicle.
>
> 29.     Additional defendants Manheim, Y&O and Experian breached their duty owed to the plaintiff, as they negligently and carelessly misrepresented the mileage accurately on the plaintiff's vehicle that was purchased by the original defendant as alleged in the plaintiff's complaint.

3

    30. The negligence, carelessness and/or recklessness of additional defendants Manheim, Y&O and Experian includes but is not limited to:

  a. Failing to properly investigate the history of the vehicle sold in this case to the plaintiff;

  b. Failing to accurately research the amount of mileage on the vehicle ultimately purchased by the plaintiff in this case;

  c. Failing to provide accurate information as to the actual mileage on the vehicle;

  d. Failing to accurately represent and/or investigate whether the mileage on the aforementioned vehicle was correct; and/or

  e. Failing to use the appropriate degree of care, skill, foresight, and ability required under the circumstances and/or by the law of the Commonwealth of Pennsylvania and/or the law of the United States of America.

(Doc. 4, ¶'s 28.- 30.).

Independence alleges that as a proximate cause of Experian's negligence in misrepresenting the correct mileage on the 2002 Toyota, it sustained damages. (*Id*., p. 6).

Presently before the Court is Experian's Motion to Dismiss the Third Party Complaint of Independence as against it. We have reviewed all of the filings of the parties regarding the Motion. We shall deny Experian's Motion to Dismiss, specifically with respect to Count II of the Third Party Complaint, based on the failure to state a claim against it.

**III. Motion to Dismiss Standard.**

In considering whether a pleading states an actionable claim, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo,* 848 F.2d 398, 401 (3d Cir. 1988). A complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

**IV. Discussion.**

*A. Experian's Motion to Dismiss*

Experian argues that Independence's Count II, negligence claim, as against it fails to state a claim because it does not allege that Experian provided false information to it as required in a negligent misrepresentation claim under Pennsylvania law, and that it does not allege that it justifiably relied on an alleged misrepresentation made by Experian. (Doc. 16, p. 2). We agree with Independence that its Third Party Complaint clearly contains allegations which state a negligence claim against Experian.

We have stated Independence's allegations regarding its negligent claim against Experian above. Independence also alleges:

> 15. Prior to selling the plaintiff's vehicle, original defendant ordered a vehicle history report on March 10, 2004 through *Auto Check* (a service owned and operated by additional defendant Experian) to determine if there was any prior damage or other adverse history

> that would affect the resale value of the vehicle.  *See* March 10, 2004, *Auto Check* vehicle history report, attached hereto, made a part hereof, and marked Exhibit "C."
>
> 16. The March 10, 2004 *Auto Check* report reflected, *inter alia*, no prior damage and no prior tampering with the odometer. *Id.*

(Doc. 4, ¶ 's 15.-16).

Independence basically avers that Experian negligently prepared the vehicle history report for the subject Toyota Camry, and that it relied upon this report to purchase and later resell the vehicle.  Experian argues that it does not warrant the information provided in its reports, that its information provided in the reports comes from information supplied to it by external sources, and that the information is not based on Experian's first hand investigaton of the vehicles.  Notwithstanding Experian's argument that it does not first hand investigate each vehicle for its reports and that it relies upon other sources for its information, and regardless of where Experian derives its information, Independence is simply alleging that Experian negligently prepared the report and negligently included inaccurate odometer information, which was under-reported by more than 60,000 miles.  Thus, the claim of Independence against Experian can be read as Experian being negligent in using unreliable sources for the data contained in its report for the 2002 Camry, failing to properly investigate and research the history and odometer information contained in its report, and being negligent in compiling its data and reporting it to its customers.[2]

---

[2] Under Pennsylvania law, the elements of a negligent claim are: a legal duty; a breach of that duty; a causal relationship between defendant's negligence and plaintiff's injuries; and damages.  *See City of Phila. v. Baretta U.S.A. Corp.*, 126 F.Supp.2d 882 (2000).

Thus, it is of no moment, as Experian argues, that it did not warranty its reports and that it did not first hand gather the data it put in its report.  Moreover, Experian cannot so easily attempt to avoid liability by claiming that it did not obtain the information on the vehicles itself first hand. Experian still had the duty to ensure that it received data from reliable sources, that the data it received on the vehicles in its reports was accurate, and that it accurately reported the data to its customers.  Independence asserts a negligence claim against Experian, and not a breach of warranty claim and not a negligent misrepresentation claim.[3]

---

[3] To the extent that Experian's Brief discusses the elements of a negligent misrepresentation claim under Pennsylvania law, Doc. 17, pp. 4-9, we shall not address it, since we find no such claim asserted by Independence against it.   Further, as Independence states in its Brief, it has clearly alleged that Experian provided it with inaccurate odometer data on its report through its negligent investigation and research of the correct information.

Both parties rely upon the exhibits attached to the Third Party Complaint.  The Court in *Amalgamated Bank v. Yost*, 2005 WL 226117 * 3 (E.D. Pa.) stated:

> To decide a motion to dismiss, courts generally "may not consider matters extraneous to the pleadings." *Burlington,* 114 F.3d at 1420. However, courts may consider documents "integral or explicitly relied on in the complaint" as well as matters of public record, which may be judicially noticed.  *Id*. (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)); *see also In re NAHC, Inc., Sec. Litig.,* 306 F.3d 1314, 1331 (3d Cir. 2002). Courts may take judicial notice of facts that are "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." Fed.R.Evid. 201. When a court considers an extraneous document on motion to dismiss, it may not use the document to decide facts in dispute because the court must accept all well-pleaded facts as true. *See Nami*, 82 F.3d at 65.

As Independence argues (Doc. 19, pp. 3-4), it alleges that Experian had a legal duty to provide its customers with accurate information including odometer readings in its vehicle history reports, that Experian breached this duty owed to it by failing to accurately investigate and report the Camry's true mileage by over 60,000 miles, and that as a result of this breach it was caused damages.  We find that Independence has indeed asserted a negligence claim against Experian in its Third Party Complaint to the effect that Experian was negligent in failing to obtain accurate information of the Camry in question, and was negligent in failing to accurately report the odometer reading of the Camry.  Experian, as a company which is engaged in the business of selling car history reports, had a duty to customers who purchased its reports to ensure that its method of obtaining and compiling data on a vehicle was reliable and accurate.   Essentially, Independence asserts that Experian failed to use reasonable care in obtaining the mileage information on the 2002 Camry.  Independence is not alleging that Experian had an intent to defraud it as to the actual miles of the Camry.  Rather, it is alleging that Experian was negligent in failing to properly investigate, obtain data  and report the vehicle's correct mileage.

For support, Experian cites to the case of *Richardson v. Brandow Group*, Civil No. 02-CV-747, E.D. Pa., May 16, 2003, Memorandum and Order. (Doc. 17, p. 8).  We find the *Richardson* decision to be distinguishable from our case. In *Richardson*, third party defendant Manheim moved for summary judgment with respect to the third party complaint filed against it alleging it made false misrepresentations about the car's history.  Manheim's involvement in the *Richardson* case was similar to its involvement in our case.  The *Richardson* Court found that the written disclaimer of Manheim in the Auction Form stated that it was not responsible for the accuracy of the odometer

8

mileage and that the car dealer who bought the car at the auction could not justifiably rely on the alleged misrepresentations as to the car's mileage. *Id.*, slip op. pp. 9-10. The Court then dismissed the intentional and negligent misrepresentation claims against Manheim. *Id.*, pp. 10-11.

In our case, as stated, Manheim has already been dismissed as a third party defendant. Further, Independence raises a negligence claim against Experian, not intentional and negligent misrepresentation claims.

As discussed above, we are not convinced that Experian's disclaimer, that its report is based on information supplied by external sources believed to be reliable, excuses it from liability with respect to Independence's negligence claim raised against it.

We find that the negligence count Independence asserts against Experian in its Third Party Complaint states a cognizable claim (not a negligent or intentional misrepresentation claim), which is not based on an express or an implied warranty, and that it is sufficiently plead as a cause of action under Rule 8. Federal Rule of Civil Procedure 8(a) requires notice pleading. That is, a complaint must contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader. The complaint must be "simple, concise, and direct" as required by the Rules of Civil Procedure. *See*, Fed.R.Civ.P. 8(e)(1). We find Independence's Third Party Complaint as against Experian to meet the requirements of Rule 8.

We disagree with Experian that the only possible negligence claim that Independence can assert against it is that it negligently misrepresented the odometer information to Independence. (Doc. 22, p. 5). Rather, as discussed above, we find that Independence has alleged that Experian

was negligent in the gathering of its information and data in its report, in its research of the vehicle in question, and in its reporting of that data to its customer.  Independence alleges that Experian was negligent in the manner in which it determined and reported the Camry's actual mileage on its report.

Thus, we find that Independence has sufficiently alleged a negligent cause of action to survive Experian's Motion to Dismiss the Third Party Complaint against it.  Therefore, we shall deny Experian's Motion to Dismiss Count II of the Third Party Complaint as against it.[4]

An appropriate Order will issue.


                               **s/ Thomas M. Blewitt**
                               **THOMAS M. BLEWITT**
                               **United States Magistrate Judge**

**Dated: December 15, 2006**

---

[4] Experian can certainly re-assert its argument that it was not negligent after discovery is completed by filing a summary judgment motion.  A motion for summary judgment may not be granted unless the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56. The court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact.  Fed.R.Civ.P. 56(c).  An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-694 (3d Cir. 1988) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN MARUSHIN, | : | CIVIL ACTION NO. **3:CV-06-1229** |
| | : | |
| | : | Magistrate Judge Blewitt |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| INDEPENDENCE AUTO, INC., d/b/a | : | |
| INDEPENDENCE TOYOTA, | : | |
| | : | |
| Defendants and | : | |
| Third Party Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| MANHEIM AUTO and | : | |
| EXPERIAN AUTOMOTIVE and | : | |
| Y & O AUTO SALE, INC., | : | |
| | : | |
| Third Party Defendants | : | |

**ORDER**

**AND NOW,** this **15th** day of **December, 2006**, consistent with the foregoing Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Third Party Defendant Experian's Motion to Dismiss the Third Party Complaint filed by Independence **(Doc. 16)** is **DENIED.**

2. Third Party Defendant Experian is directed to file its Answer to the Third Party Complaint of Independence within **ten (10) days** of the date of this Order.[5]

---

[5]Since the Court continued the joint case management conference scheduled for October 2, 2006 due to the filing of the Third Party Complaint (Doc. 4), the Court will re-schedule a joint case management conference by separate order following the filing of the

    3.  The Clerk of Court shall correct the name of Third Party Defendant Experian Automotive to "Experian Information Solutions, Inc."

                                      **s/ Thomas M. Blewitt**
                                      **THOMAS M. BLEWITT**
                                      **United States Magistrate Judge**

**Dated: December 15, 2006**

---

Answer to the Third Party Complaint.